UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

C. R.                                                              CIVIL ACTION NO. 08-cv-0987

VERSUS

U.S. COMMISSIONER SOCIAL               MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

C. R. ("Plaintiff") filed an application for benefits based primarily on complaints of back and neck pain and related limitations. ALJ W. Thomas Bundy conducted a hearing and issued a written decision that denied the claim. The ALJ found that Plaintiff had severe impairments in the form of degenerative disk disease of the cervical and lumbar spines, as well as obesity, but that she could perform the full range of sedentary work. He then looked to the Medical-Vocational Guidelines and found that Rule 201.28 directed a finding of not disabled at step five of the sequential analysis.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and

entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be reversed and the case will be remanded.

Plaintiff argues on appeal that it was error for the ALJ to find that she has the residual functional capacity ("RFC") to perform the full range of sedentary work because there is evidence that she is unable to stoop. Plaintiff makes a related argument that the existence of that nonexertional limitation required the ALJ to ask a vocational expert ("VE") about the impact of that limitation on jobs that would be available.

The ALJ addressed the medical evidence from treating physicians Ben Leggio and Garland Miller, both of whom opined that Plaintiff was unable to work. The ALJ recognized that Plaintiff has MRI evidence of degenerative disk disease involving her cervical and lumbar spine, but he found that clinical findings did not reflect the degree of limitation suggested by the treating physicians. The ALJ also found that Plaintiff's testimony about the extent of her limitations was not entirely credible.

The ALJ's rejection of that evidence was based largely on his acceptance of the consultative report of Dr. John Walker McDonald. He noted that the opinions of the treating physicians relied heavily on Plaintiff's subjective reports of symptoms, which the treating physicians seemed to uncritically accept as true. The ALJ noted that a treating physician may express an opinion in an effort to help a patient with whom he sympathizes or to obtain relief from an insistent patient. The ALJ noted the difficulty of confirming the presence of such motives, and there is no direct evidence of such a motive in this case, but the ALJ suggested

that such motives are more likely present in a case where the physician's opinion departs substantially from the other record evidence. He found that to be the case and elected to afford "significant weight" to the findings and opinions offered by Dr. McDonald. As a consultative physician, Dr. McDonald would lack the motivations noted above, and he conducted a comprehensive physical examination. In assessing Plaintiff's credibility, the ALJ noted that Plaintiff "did not present convincing factors to suggest a level of impairment and resulting limitations greater than that identified by Dr. McDonald." In determining that Plaintiff could perform the full range of sedentary work, the ALJ stated that he placed "particular emphasis" on Dr. McDonald's findings. All indications are that Dr. McDonald's findings were the driving force behind the RFC assessed by the ALJ.

Much of Dr. McDonald's report supports the ALJ's RFC assessment, but there is one aspect of his report (ability to stoop/bend) that undermines the RFC. Dr. McDonald noted that Plaintiff was "reliable" during his examination of her. In his findings regarding gait and station, he wrote that Plaintiff was able to rise from a sitting position using a cane for assistance, could not stand on tiptoes, heels, or tandem walk, and "was unable to bend and squat due to back pain." A straight-leg raise exam elicited pain at 30 degrees, suggesting a limitation in range of motion of the back. In his conclusion, Dr. McDonald did not specifically refer to the inability to bend or squat, though he did note that Plaintiff had a "limited range of motion in all directions in her lumbar spine." He went on to conclude that

Plaintiff could lift/carry objects up to 20 pounds and sit, walk, and/or stand for one to two hours in a workday. Tr. 117-19.

The ALJ relied exclusively on the Guidelines at step five, which is permitted only if a claimant's nonexertional impairments do not significantly affect his RFC. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). Nonexertional limitations can affect the ability "to bend the spine alone (stoop) or bend both the spine and legs (crouch)." Social Security Ruling 85-15. "Some stooping (bending the body downward and forward by bending the spine at the waist) is required to do almost any kind of work, particularly when objects below the waist are involved." Id. An ability to stoop occasionally (from very little up to one-third of the time) is required in most unskilled sedentary occupations. Thus, "[a] *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work." Social Security Ruling 96-9p.

The ALJ thoroughly addressed the evidence from the treating physicians and gave sound reasons as to why those opinions should be discounted. In their stead, the ALJ embraced the opinion of Dr. McDonald, but he did not address the aspect of Dr. McDonald's report that suggests an inability to bend and squat due to back pain. That limitation would appear to undermine a finding of the ability to perform the full range of sedentary work.

An ALJ need not discuss every piece of evidence in the record, but he may not ignore a significant line of evidence that is in contradiction to the ALJ's findings and that could reasonably cast doubt on the result. Rey v. Commissioner, 2009 WL 249702, *2 (W.D. La. 2009). The decision must not only state which evidence was considered in support of the result but must also indicate why evidence that would support a claim was rejected. Failure to explain an implicit rejection of evidence may be grounds for reversal and remand. Social Security Law & Practice, § 53:11 (Comprehensive and Analytical Findings). See also Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir. 2000) (failure to specifically address medical records indicating some limitations in ability to stand, sit, and lift required remand) and Loza v. Apfel, 219 F.3d 378, 395 (5th Cir. 2000) ("The ALJ cannot reject a medical opinion without an explanation.").

The Commissioner argues that the ALJ was entitled to discount Dr. McDonald's statement that Plaintiff could not bend or squat because it was based on Plaintiff's subjective report, the limitation was not fully supported by the results of MRI studies, and other evidence can be interpreted to suggest a lesser degree of limitation. Such reasoning might have withstood review if offered by the ALJ but, whether through oversight or intent, he did not address this evidence. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000). See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is

well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

It would be inappropriate for the undersigned to weigh the evidence, consider the Commissioner's arguments, and decide the issue in the first instance. It is the role of the ALJ to first address the evidence and, if warranted, gather additional evidence or reports to flesh out the issues. The court's proper role is confined to an appellate review of the agency's final decision. For the undersigned to attempt to decide the case, without any prior discussion by the ALJ or Appeals Council about the relative weight or meaning of this potentially important finding, would not be appropriate. Under these circumstances, the Commissioner's decision must be reversed, and the case will be remanded to the agency for further proceedings.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of September, 2009.

                                                   MARK L. HORNSBY
                                                   UNITED STATES MAGISTRATE JUDGE